1
2

JS-6

3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11      GREGORY LEON YOUNG,                    Case No. CV 16-05205 JFW (RAO)

12                    Petitioner,

13           v.                                 ORDER SUMMARILY DISMISSING
                                                PETITION FOR LACK OF
14      CYNTHIA Y. TAMPKINS,                    JURISDICTION AND DENYING A
                                                CERTIFICATE OF APPEALABILITY
15                    Respondent.

16

17          On July 7, 2016, Petitioner Gregory Leon Young ("Petitioner"), a California

18   state prisoner, constructively filed a Petition for Writ of Habeas Corpus by a Person

19   in State Custody ("Petition") challenging a conviction received in August of 1989

20   (the "1989 Conviction").  (Pet. at 2, Dkt. No. 1.)  Petitioner has challenged the 1989

21   Conviction in a habeas petition filed in this Court on at least one prior occasion.[1]

22          Petitioner challenged the 1989 Conviction in a habeas petition filed on

23   September 26, 2003.  (*See* Case No. 2:03-cv-06946-JFW-RZ, Dkt. No. 1.)  The

24   assigned Magistrate Judge reviewed that petition, and on October 14, 2003, issued

25   an order to show cause why it should not be dismissed as untimely.  (*Id.*, Dkt. No.

26
_____

27   [1] The Court takes judicial notice of Petitioner's other cases under Rule 201 of the
     Federal Rules of Evidence and *Harris v. County of Orange*, 682 F.3d 1126, 1131-
28   32 (9th Cir. 2012).

3.)  Petitioner timely filed a response on October 30, 2003—but on November 12, 2003, the Magistrate Judge issued a Report and Recommendation recommending dismissal with prejudice on statute of limitations grounds.  (*Id.*, Dkt. No. 7.)  The Court adopted the Report and Recommendation and entered judgment on December 10, 2003.  (*Id.*, Dkt. Nos. 10-11.)  Petitioner then appealed to the Ninth Circuit, which denied his request for a certificate of appealability on March 2, 2004.  (*See id.*, Dkt. Nos. 18-19.)

Because Petitioner challenged the 1989 Conviction in a prior habeas petition in this Court, the Petition must be dismissed as second or successive.

## I.    DISCUSSION

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, in pertinent part, as follows:

> (b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

/ / /
/ / /
/ / /

2

*See* 28 U.S.C. § 2244(b)(1)-(3)(A); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts (petitioners must obtain an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition before presenting such a petition to the district court).

Here, the Petition challenges the 1989 Conviction, which was dismissed with prejudice as untimely on December 10, 2003.  Accordingly, the Petition is a second or successive petition.  *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds is a disposition on the merits rendering a subsequently filed petition second or successive).  "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court."  *Magwood v. Patterson*, 561 U.S. 320, 330-31, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).  Petitioner, however, has not established that he obtained permission from the Ninth Circuit to file a second or successive petition.

Therefore, this Court lacks jurisdiction to consider the merits of Petitioner's Petition.  *Magwood*, 561 U.S. at 331 ("[I]f [petitioner's] application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals."); *see also Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas petition.").

Further, to the extent that Petitioner seeks to establish that he falls within one of the exceptions provided for under 28 U.S.C. § 2244(b)(2), he must first present any such claim to the Ninth Circuit, not this Court.  *See* 28 U.S.C. § 2244(b)(3)(A).

## II.   CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Here, the Court is dismissing the Petition without prejudice because it is a second or successive petition filed without proper authorization from the Ninth Circuit. Because the Petition is a second or successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the Court is correct in its procedural ruling. Accordingly, the Court denies Petitioner a certificate of appealability.

### III.   ORDER

In light of the foregoing, IT IS ORDERED THAT: (1) Petitioner's Petition is **DISMISSED** without prejudice because this Court lacks jurisdiction to consider it; and (2) a Certificate of Appealability is **DENIED**.

DATED:     July 21, 2016          _____

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4